UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PRIYA KUMAR,** and **MUKESH KUMAR,** a married couple,

                Plaintiffs,

vs.

No. 12-cv-12624
Hon. Gerald E. Rosen

**U.S. BANK NATIONAL ASSOCIATION,** AS SUCCESSOR TRUSTEE TO WACHOVIA BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES 2005-A8;
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;** and
**DOES 1-10,**

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

**I. INTRODUCTION**

In this mortgage foreclosure action, Plaintiffs Priya and Mukesh Kumar seek to challenge the foreclosure of their home by Defendants U.S. Bank National Association ("USB"), Mortgage Electronic Registration Systems ("MERS"), and DOES 1-10. Following the foreclosure and sale of their property, Plaintiffs filed this suit in the Macomb County Circuit Court

on May 3, 2012 -- one day prior to the expiration of Michigan's six-month redemption period. The Amended Complaint asserts eight claims against Defendants:

    Count I:    Declaratory Relief
    Count II:   Injunctive Relief
    Count III:  Wrongful Foreclosure by Advertisement
    Count IV:  Negligence[1]
    Count V:   Fraud & Conversion
    Count VI:  Violation of MCL 600.3204(1)(d)
    Count VII: Violation of MCL 600.3204(3)
    Count VIII: Lack of Standing

Defendant removed the action pursuant to 28 U.S.C. § 1332 on June 15, 2012, and filed the instant Motion to Dismiss on July 18, 2012. Plaintiffs filed their response on August 10, 2012, and Defendants replied on August 31, 2012.

## II. FACTUAL BACKGROUND

On June 13, 2005, Plaintiff Priya Kumar obtained a mortgage from GreenPoint Mortgage Funding, Inc. ("GPMF") for $240,000 to purchase the property at issue in this dispute. As security on that loan, Priya and her husband, Mukesh, granted Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for lender GPMF, a mortgage on the property. MERS recorded this mortgage on June 21, 2005.

---

[1] Plaintiffs have voluntarily dismissed this claim without prejudice. Pls.' Resp. 10, 12.

2

Plaintiffs defaulted on their loan. On May 19, 2011, Plaintiffs were sent a letter providing notice of foreclosure and informing them of their rights, as required by MCL § 600.3205(a). This notice was published on May 20, 2011 in the Macomb County Legal News. Plaintiffs never requested a loan modification nor met with a housing counselor. On July 15, 2011, MERS assigned its interest in the mortgage to Defendant U.S. Bank National Association ("USB"). USB published the first of four advertisements of foreclosure sale on July 22, 2011, and recorded the assignment on July 29, 2011.

Defendant USB purchased Plaintiffs' property at the foreclosure sale, which was held on November 3, 2011. On May 2, 2012 -- one day prior to the expiration of Michigan's six-month redemption period -- Plaintiffs filed this suit in Macomb County Circuit Court. Plaintiffs never redeemed the property.

### III. DISCUSSION

A.     **Rule 12(b)(6) Standard**

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiffs and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to

dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

If the well-pled facts in Plaintiffs' Complaint -- accepted as true -- are insufficient for Plaintiffs to recover on a claim, that claim must be dismissed. *Iqbal*, 556 U.S. at 680 ("Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed.").

**B.     Defendants' Motion to Dismiss is Granted because Plaintiffs Lack Standing to Challenge the Foreclosure**

Defendants correctly argue that Plaintiffs lack standing to challenge the foreclosure sale because they failed to redeem the property within the statutory redemption period. Because each of Plaintiffs' seven remaining counts are premised upon this Court finding error with the foreclosure process -- which Plaintiffs cannot challenge -- dismissal of Plaintiffs' entire Complaint is appropriate.

The rights and obligations of parties to a foreclosure are governed by Michigan statute. MCL § 600.3236 vests the purchaser of a sheriff's deed with "all the right, title, and interest which the mortgagor had" in the property, unless the property is redeemed within the six-month statutory period. *See also Nafso v. Wells Fargo Bank, NA*, 11-10478, 2011 WL 1575372, at *2 (E.D. Mich. Apr. 26, 2011). Property may be redeemed by any person entitled under the mortgage who pays the requisite amount to the purchaser within six months. MCL § 600.3240(1) & (8). If the mortgagors -- in this case, Plaintiffs -- do not redeem the property within the six-month statutory period, "the purchaser of the sheriff's deed is vested with all the right, title, and interest in the property." *Awad v. General Motors Acceptance Corp.*, 2012 WL 1415166, at *2 (Mich. App. April 24, 2012); *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25,

2012). *See also Overton v. Mortgage Electronic Registration Sys., Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Kama v. Wells Fargo Bank*, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); *Moriarty v. BNC Mortgage, et al*, No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec. 15, 2010). Because Plaintiffs failure to redeem the property extinguished their interest in the property, they lack a legally cognizable interest in the property. Without such an interest, the foreclosure cannot have caused Plaintiffs an injury, and the Court is unable to provide the relief sought. Consequently, Plaintiffs lack standing to challenge the foreclosure. *Awad*, 2012 WL 1415166, at *4 ("After the redemption period expired, plaintiff no longer had any right or interest in the property, because the property had been validly purchased at a foreclosure sale. At that point, the trial court could not grant plaintiff the relief it sought (title to the property) if it were successful in its suit.").

Absent a valid legal interest in the property, the only way Plaintiffs can challenge the foreclosure sale is if they make a clear "showing of fraud or irregularity." *Brezzell v. Bank of Am., N.A.*, 11-11467, 2011 WL 2682973, at *5 (E.D. Mich. July 11, 2011); *Sweet Air Investment Inc. v. Kenney*, 275 Mich. App. 492, 497, 739 N.W.2d 656 (2007) ("it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). To meet this burden, Plaintiffs note that their

Complaint was filed within the redemption period, which they claim is the type of "irregularity [which] permits an equitable extension of the redemption period." Pls.' Resp. 2. However, Plaintiffs are incorrect, as filing a lawsuit is "insufficient to toll the redemption period." *Awad*, 2012 WL 1415166, at *3 (quoting *Overton*, 2009 WL 1507342, at *1); *see also, e.g.*, *Thomas v. Mortg. Elec. Reg. Sys., Inc.*, No. 11-15670, 2012 WL 834688, at *4 (E.D. Mich. March 13, 2012) (finding "[t]hat Plaintiff filed her lawsuit a day before Michigan's six month redemption period expired does not toll her claims."); *Bundy v. Fed. Nat. Mortg. Ass'n,* No. 10-12678, 2011 WL 977531, at *6 (E.D. Mich. Feb. 25, 2011), *report and recommendation adopted*, 2011 WL 971276 (E.D. Mich. Mar. 17, 2011) ("plaintiff filed this lawsuit on the last day of the redemption period, which does not toll the redemption period."). Plaintiffs failed to redeem the property, and are "simply trying to wage a collateral attack on the foreclosure." *Awad*, 2012 WL 1415166, at *3 (quoting *Overton*, 2009 WL 1507342, at *2).

Additionally, the arguments underlying Plaintiffs' challenge -- that (i) the assignment of the mortgage from MERS to USB was invalid and (ii) that the transfer of the mortgage into USB's Trust violated the terms of the Trust documents -- fail as a matter of law. Plaintiffs were not parties to either the assignment or the Trust agreement, and consequently have no standing to attack the validity of those agreements. *Carmack*, 2012 WL 2389863, at *3

7

("plaintiff's claims rely on alleged improprieties in the assignment of the mortgage, to which he was not a party. A non-party cannot challenge a mortgage assignment."). *See also, e.g., Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 746 (E.D. Mich. May 13, 2010), *aff'd* No. 10-1782, 399 Fed. App'x 97 (6th Cir. Oct. 28, 2010) ("Plaintiff here lacks standing to assert any breaches in the terms of any contracts between the assigning entities."); *Ott v. Federal Home Loan Mortgage Corp.*, No. 11-15153, 2012 WL 2359989, at *3 (E.D. Mich. June 21, 2012).

While it is true that the Sixth Circuit held in *Livonia Properties* that "[a]n obligor may assert as a defense any matter which renders the assignment absolutely invalid," that exception only applies when "an obligor has no protection from having to pay the same debt twice." *Carmack*, 2012 WL 2389863, at *3. Plaintiffs have not alleged any risk of double payment, and therefore lack standing to challenge either the assignment of the mortgage to USB or the transfer of the mortgage into USB's Trust.

Finally, it should be noted that the Supreme Court of Michigan has held that the owner of an interest in the indebtedness -- in this case the nominee, MERS -- is authorized to foreclose by advertisement under M.C.L. § 600.3204(1)(d). *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). This holding, published on November 16, 2011 --

nearly six months before Plaintiffs filed their Complaint -- directly contradicts the central premise of Plaintiffs' claim: that MERS lacked the authority to foreclose on Plaintiffs' property (and, therefore, lacked the ability to assign this authority to a third party, *i.e.*, USB). Thus, even if Plaintiffs had standing to challenge USB's right to foreclose on their property, the assignment and subsequent foreclosure of Plaintiffs' property are legally sound under Michigan law.

Allowing Plaintiffs to amend their Complaint would be futile, as amendment cannot cure either Plaintiffs' lack of standing to challenge the foreclosure sale or the meritless nature of Plaintiffs' underlying claims. Accordingly, Defendants' motion to dismiss is GRANTED.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

Dated: March 1, 2013              s/Gerald E. Rosen
                                  GERALD E. ROSEN
                                  CHIEF JUDGE, U.S. DISTRICT COURT

9

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, March 1, 2013, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager, (313) 234-5135