UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PRIYA KUMAR,** and **MUKESH KUMAR,** a married couple,

                Plaintiffs,

vs.

                No. 12-cv-12624
                Hon. Gerald E. Rosen

**U.S. BANK NATIONAL ASSOCIATION,**
AS SUCCESSOR TRUSTEE TO
WACHOVIA BANK, N.A. AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF
THE MLMI TRUST, MORTGAGE LOAN
ASSET-BACKED CERTIFICATES SERIES
2005-A8;
**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;** and
**DOES 1-10,**

                Defendants.

_____/

**OPINION AND ORDER REGARDING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

On March 1, 2013, this Court issued an opinion and order granting Defendants' Motion to Dismiss. Judgment was entered in Defendants' favor on March 12, 2013. Pending before the Court is Plaintiffs' Motion for Reconsideration, pursuant to Fed. R. Civ. P. 59 and Eastern District of Michigan Local Rule 7.1(h). For the reasons stated below, the Court will deny the motion.

1

I.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is within the district court's discretion. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). That discretion, however, is limited to: (1) accommodating an intervening change in controlling law; (2) accounting for new evidence which was not available at trial; or (3) correcting a clear error of law or preventing manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes*, 86 F. Supp. 2d at 726 (citing *Nagle Industries, Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd* 194 F.3d 1339 (Fed. Cir. 1999) (internal quotations omitted).

The requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present

the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

II.

This mortgage foreclosure case was removed to this Court from the Macomb County Circuit Court on June 15, 2012. The facts and allegations of this case are set forth in detail in the Court's March 1, 2013 opinion and order granting Defendants' Motion to Dismiss (Dkt. #15). Accordingly, they will not be repeated here.

Having reviewed Plaintiffs' submission, the Court is not persuaded by Plaintiffs' attempts to distinguish the relevant case law, nor have Plaintiffs identified any other cases or authorities that might support a different result. In any event, this Court generally "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," Local Rule 7.1(g)(3), Eastern District of

Michigan, and the issues raised in Plaintiff's present motion were squarely addressed in the Court's March 1, 2013 opinion and order.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [Dkt. # 17] is **DENIED**.

Dated: April 8, 2013  s/Gerald E. Rosen
GERALD E. ROSEN
CHIEF, U.S. DISTRICT COURT

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 8, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135